**Dismissed and Memorandum Opinion filed August 28, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-12-00517-CV

---

### ROY MATA AND GILBERT E. GARCIA, Appellant

### V.

### WELLS FARGO BANK, NA SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, NA F/K/A WACHOVIA MORTGAGE FSB

### F/K/A WORLD SAVINGS BANK, Appellee

---

**On Appeal from the Co Civil Ct at Law No 1**
**Harris County, Texas**
**Trial Court Cause No. 1008365**

---

## MEMORANDUM OPINION

This is an appeal from the denial of a request filed by appellants, Roy Mata and Gilbert E. Garcia, to proceed on appeal without the advance payment of costs. On April 12, 2012, the trial court signed a summary judgment in favor of appellee. On April 26, 2012, appellants filed a notice of appeal from the judgment and motion for leave to

proceed *in forma pauperis* on appeal. On May 8, 2012, the trial court signed an order sustaining the Harris County Clerk's contest to appellants' claim of indigence. On May 29, 2012, appellants filed a notice of appeal from the trial court's May 8, 2012 order.

Texas Rule of Appellate Procedure 20.1 governs the procedure to establish indigence on appeal. Rule 20.1 was amended effective March 1, 2012. *See* Misc. Docket No. 11-9251 (Tex. Dec. 12, 3011), 75 Tex. B.J. 59; Misc. Docket No. 12-9030, (Tex. Feb. 13, 2012), 75 Tex. B.J. 228. The amended rule requires a party claiming indigence who seeks review of the trial court's order sustaining a contest to file his challenge "within 10 days after the order sustaining the contest is signed, or within 10 days after the notice of appeal is filed, whichever is later." Tex. R. App. P. 20.1(j)(2). Therefore, appellants were required to file a motion challenging the order on or before May 18, 2012. Appellants' notice of appeal filed May 29, 2012 is therefore untimely. *See id.*

Accordingly, we dismiss the appeal from the order sustaining the contest to appellants' affidavits of indigence. Appellants' appeal from the summary judgment signed April 12, 2012, which is docketed under our case number 14-12-00400-CV, remains pending before this court.

PER CURIAM

Panel consists of Chief Justice Hedges and Justices Brown and Busby.